**ASHLAND OIL, INC.,**
**Plaintiff-Appellant,**

v.

**The UNITED STATES DEPARTMENT OF ENERGY, Donald Hodel, Secretary of Energy, and Cotton Petroleum Corporation, Defendants-Appellees.**

**ASHLAND OIL, INC.,**
**Plaintiff-Appellant,**

v.

**COTTON PETROLEUM CORPORATION, Defendant-Appellee.**

**TECA Nos. 10–53, 10–55.**

Temporary Emergency Court of Appeals.

Argued Sept. 27, 1984.

Decided April 3, 1985.

Patricia N. Blair, Ginsburg, Feldman & Bress, Chartered, Washington, D.C., with whom Fred W. Drogula, Linda B. Blair, of

---

the same firm; John I. Imel, Moyers, Martin, Conway, Santee & Imel, Tulsa, Okl., were on the brief for plaintiff-appellant.

Marcia K. Sowles, with whom Thomas C. Newkirk, Larry P. Ellsworth, Dept. of Energy, Washington, D.C.; Stephen E. Hart, Daniel F. Shea, Dept. of Justice, Washington, D.C., were on the brief for defendant-appellee, U.S. Dept. of Energy.

Thomas P. Humphrey, Davis, Graham & Stubbs, Washington, D.C., with whom Jeffrey H. Howard, Kenneth R. Christoffersen of the same firm; James L. Kincaid, Conner, Winters, Ballaine, Barry & McGowan, Tulsa, Okl., were on the brief for defendant-appellee, Cotton Petroleum Corp.

Before PECK, DAUGHERTY, and THORNBERRY, Judges.

THORNBERRY, Judge.

This is an appeal by plaintiff, Ashland Oil, Inc. (Ashland) from the district court's dismissal of two consolidated cases. In *Ashland Oil, Inc. v. United States Department of Energy and Cotton Petroleum Corp.*, Ashland sought to overturn or modify a prior settlement agreement between the DOE and Cotton. The district court dismissed this action because Ashland failed to exhaust administrative remedies. We affirm for the reasons stated in *New York Petroleum Corp. v. Ashland Oil, Inc.*, 757 F.2d 288 (TECA 1985) (reh'g denied and reh'g *en banc* denied, March 4, 1985).

In *Ashland Oil, Inc. v. Cotton Petroleum Corp.*, Ashland sought to recover damages resulting from overcharges in the price of crude oil. The district court dismissed the action. We affirm in part and reverse and remand in part.

## BACKGROUND

During the period in which the federal government controlled the price of domestically produced crude oil, the Federal Energy Administration [1] determined that Cotton Petroleum Corporation (Cotton) had misclassified crude oil from its North Gooses Lake Unit, resulting in overcharges to Ashland from November 1, 1973 through December 31, 1975. In August 1977, the DOE issued a remedial order directing Cotton to refund $714,677.90 to Ashland and Northwestern Refining Company,[2] the first purchasers of the overpriced crude oil. Cotton appealed the remedial order to the Office of Hearings and Appeals (OHA) within the DOE. Ashland received notice of the remedial order and of Cotton's subsequent appeal of the order. Following a hearing in which Ashland declined to participate, the OHA denied Cotton's appeal.

In April 1979 Cotton filed suit against the DOE in federal court challenging the remedial order. The DOE counterclaimed to enforce the order. Ashland was not a party to the action and never sought to participate in any fashion. In June 1983 the DOE and Cotton reported to the district court that an agreement in principle had been reached to settle the lawsuit. Subsequently a final agreement was executed by the parties, and on September 9, 1983, the district court signed the settlement and dismissed Cotton's complaint and the DOE's counterclaim with prejudice. Ashland was aware of the settlement negotiations at least as early as June 1983.

Under the court-approved settlement agreement, Cotton was to pay $1,104,165.00 plus interest into a separate escrow account within eighteen months. The funds were to be distributed in accordance with the DOE's regulations for distribution of such refunds. 10 C.F.R. §§ 205.280 *et seq.* These regulations, known as Subpart

---

1. Effective October 1, 1977, the Federal Energy Administration was merged into the United States Department of Energy, and all authority of the Administrator of the Federal Energy Administration was transferred to the Secretary of Energy. 42 U.S.C. § 7151(a). We will refer to the Department of Energy and all predecessor agencies as the "DOE."

2. Ashland and Northwestern Refining Company are now a single company and will be referred to hereinafter as "Ashland."

V regulations, provide for publication of a proposed decision and order by the DOE, receipt of public comments, and issuance of a final decision and order. Following issuance of the final decision, any person entitled to a refund may file an application for refund. Decisions by the DOE to grant or deny an application are subject to judicial review.

In December 1983 Cotton paid $1,156,-493.14 to the DOE for distribution under Subpart V. The Economic Regulatory Administration of the DOE commenced the Subpart V proceeding by petitioning the OHA for the implementation of special refund procedures. Public notice of this petition and of refund procedures proposed to be used in the proceeding were published in the Federal Register. 49 Fed.Reg. 2941 (Jan. 24, 1984); 49 Fed.Reg. 6542 (Feb. 22, 1984). In the February 22 notice the OHA stated its tentative conclusion that the kind of crude oil pricing violations alleged against Cotton were, for the period after November 1, 1974 (the effective date of the entitlements program), unlikely to have caused injury to the refiner who purchased the crude oil. This conclusion was based on the automatic operation of the entitlements program in spreading the cost effects of any such overcharges among all refiners. Nevertheless, the OHA explicitly proposed to permit such refiners to submit claims in the refund procedure and demonstrate their injury. With respect to crude oil sales before November 1, 1974, the OHA noted specifically that a purchasing refiner would be required to demonstrate only that it had not passed on the overcharges to its customers in order to receive refunds. Ashland filed comments in which it objected to the entire proceeding. No decisions on any claims have been issued at this time.

## THE LAWSUITS

On July 8, 1983, Ashland filed suit against the DOE and Cotton seeking to overturn or modify the settlement agreement. In that suit, Civil Action No. 83-C-588-B (hereinafter *"Ashland v. DOE & Cotton"*), Ashland alleged that it was a violation by the DOE of section 209 of the Economic Stabilization Act of 1970 (ESA)[3] and by Cotton of sections 209 and 210 of the ESA for the DOE to direct Cotton to pay the amount of the crude oil overcharges covered by the remedial order to any entity or person other than Ashland.

On the same day, Ashland filed Civil Action No. 83-C-587-C against Cotton (hereinafter *"Ashland v. Cotton"*) for damages arising from the same 1973-1975 transactions that were the subject of the remedial order. Ashland sought damages under four separate counts. Specifically, in Count I, Ashland sought damages under ESA section 210 in the amount of the overcharges. In Count II, Ashland sought treble damages and attorney's fees under ESA section 210(b), alleging that the overcharges "were willful, intentional and a reckless disregard of the requirements of DOE regulations." In Count III, Ashland sought to enforce the original remedial order, and in Count IV, Ashland asserted a common law "action for debt." This private action was consolidated with Ashland's action against the DOE and Cotton.

In *Ashland v. DOE and Cotton*, the defendants moved to dismiss the action, alleging that Ashland had failed to exhaust administrative remedies, that the action was not ripe, and that Ashland lacked standing to challenge the settlement. On March 21, 1984, the district court dismissed the suit on ripeness and exhaustion grounds. Cotton moved to dismiss all of the counts in *Ashland v. Cotton*, claiming that they either were barred by the applicable statutes of limitation or failed to state claims for which relief could be granted. The district court did not reach any of the grounds urged by Cotton and, instead, dismissed the case on April 23, 1984, on the ground that the outcome of the pending Subpart V proceeding might "serve to

---

**3.** 12 U.S.C. § 1904 note, as incorporated by the Emergency Petroleum Allocation Act of 1973

(EPAA), 15 U.S.C. § 751 *et seq.*

moot the issues raised in [the] law suit." Ashland appeals the dismissal of each suit.

DISCUSSION

*Ashland v. DOE & Cotton*

 It is undisputed that an administrative procedure to determine the proper recipients of the Cotton settlement funds is underway and not yet final. Ashland concedes that it has not exhausted administrative remedies but argues that nevertheless the district court erred in dismissing the suit because Ashland's claims fall within exceptions to the exhaustion doctrine.

a. Agency action in excess of authority

Ashland argues that a party need not exhaust administrative remedies when its claim is that the agency has acted in excess of its statutory authority. It contends further that the DOE acted in excess of its authority in instituting the Subpart V proceedings. Ashland argues that the DOE's duty is to make restitution to injured parties and that it has no discretion to institute Subpart V proceedings when there are readily identifiable injured parties. Further, Ashland contends that by issuing the remedial order directing Cotton to pay the refund money to Ashland, the DOE identified Ashland as the sole party injured by Cotton's overcharges.

Assuming that Ashland has correctly stated the law, we nevertheless must reject its argument because it has misstated a crucial fact. The remedial order issued against Cotton merely identified Ashland as the first purchaser of the crude oil; it did not purport to identify "injured parties" and certainly did not identify Ashland as an injured party. There has been no factual inquiry as to who was injured by Cotton's overcharges. Instead, one of the purposes of the pending Subpart V proceeding is to make precisely that determination. The DOE did not act in excess of its authority in instituting the Subpart V proceeding.

b. Futility

Ashland argues next that it need not exhaust administrative remedies regarding its claim to the escrowed funds because such an exercise would be futile. Ashland relies on case law holding that where an agency has already decided the outcome of a matter, the pursuit of administrative remedies is deemed futile and exhaustion may not be required. In its complaint Ashland alleged that DOE has made an "internal policy decision" not to permit any first purchaser refined to recover in Subpart V proceedings and thus Ashland's participation in the proceedings in this case would be futile. Ashland argues that the district court erred in concluding that Ashland failed to substantiate this allegation and that the error was compounded by the fact that the court resolved the motion to dismiss while there was outstanding discovery on the issue of futility. Ashland also argues that the district court erred in failing to assume that the allegation of futility in the complaint was true.

We reject each of Ashland's arguments on the basis of our decision in *New York Petroleum Corp. v. Ashland Oil, Inc.*, 757 F.2d 288 (TECA 1985) (reh'g denied and reh'g *en banc* denied, March 4, 1985). In *New York Petroleum* we upheld the district court's dismissal of an action by Ashland against the DOE on the ground that Ashland failed to exhaust administrative remedies. In that suit Ashland sought to enforce a remedial order directing New York Petroleum to pay Ashland amounts overcharged. The remedial order had been withdrawn pursuant to a settlement agreement between New York Petroleum and the DOE, which provided for Subpart V proceedings. Ashland's arguments to this court in *New York Petroleum* were identical to those it makes now. For the reasons stated in *New York Petroleum* we affirm the district court's dismissal of Ashland's suit against the DOE and Cotton.

*Ashland v. Cotton*

In its action against Cotton, Ashland sought single and treble damages and enforcement of the remedial order under ESA section 210 and sought damages under state law. The district court dismissed the action because it concluded that the pend-

ing Subpart V proceeding could moot the issues raised in the law suit. We hold that dismissal of Ashland's private action on that ground was improper.

ESA section 210 creates a private right of action on behalf of those injured by violations of the EPAA and the regulations and orders issued thereunder. This right is independent of administrative enforcement. We have stated repeatedly that public enforcement actions under section 209 and private enforcement actions under section 210 are to be kept separate and that the pendency of a public enforcement action in no way impairs the right to bring a private action. *See, Cities Service Co. v. DOE*, 715 F.2d 572, 573 (TECA 1983) (although DOE enforcement action under section 209 and private action under 210 have a common purpose—the enforcement of DOE regulations—they vindicate different rights and DOE enforcement action in no way affects private right to sue for damages); *Bulzan v. Atlantic Richfield Co.*, 620 F.2d 278, 282 (TECA 1980) (an aggrieved party need not either commence nor exhaust available administrative procedures prior to filing a private action); *Dyke v. Gulf Oil Corp.*, 601 F.2d 557, 565 (TECA 1979) (this court has duty to avoid wholesale commingling of agency procedures with private actions at the trial level which would foster delay both within the agency and in the courts).

Cotton argues that dismissal of Ashland's suit may be affirmed on alternate grounds raised in the district court but not decided. Since we "may consider alterna-tive bases offered by appellees for upholding the judgment below, even though they were not relied on by the district court and appellees have not filed a formal cross appeal," *Matter of Henderson*, 577 F.2d 997, 1002 n. 5 (5th Cir.1978), we will address each of Cotton's arguments in turn.

Count I

In Count I, Ashland seeks single damages for crude oil overcharges under ESA section 210.[4] Cotton argues that this claim is governed by Oklahoma's three-year statute of limitations applicable to actions "upon liability created by statute other than a forfeiture or penalty." 12 Okl.St. Ann. § 95, para. "Second." The overcharges forming the basis of this suit occurred between November 1, 1973 and December 31, 1975. Ashland filed this suit on July 8, 1983. Cotton argues that the action is thus barred. Ashland, apparently conceding that the three-year Oklahoma statute of limitations applies, argues that even if its claim accrued more than three years prior to filing the complaint, the claim was revived under the Oklahoma revival statute. That statute provides as follows:

In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgement or promise; but such acknowledgment or promise must be in writing,

---

**4.** ESA section 210 provides, in pertinent part, as follows:

§ 210. *Suits for damages or other relief*

'(a) Any person suffering legal wrong because of any act or practice arising out of this title, or any order or regulation issued pursuant thereto, may bring an action in a district court of the United States, without regard to the amount in controversy, for appropriate relief, including an action for a declaratory judgment, writ of injunction, (subject to the limitations in section 211), and/or damages.

'(b) In any action brought under subsection (a) against any person renting property or selling goods or services who is found to have overcharged the plaintiff, the court may, in its discretion, award the plaintiff reasonable attorney's fees and costs, plus whichever of the following sums is greater:

'(1) an amount not more than three times the amount of the overcharge upon which the action is based, or

'(2) not less than $100 or more than $1,000; except that in any case where the defendant establishes that the overcharge was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to the avoidance of such error the liability of the defendant shall be limited to the amount of the overcharge....'

signed by the party to be charged thereby.

12 Okl.St.Ann. § 101. There were conflicting affidavits before the district court as to whether Cotton executed a written acknowledgment of liability. Ashland argues that therefore summary dismissal on limitations grounds would have been improper and that we should remand to the district court to resolve this fact question. Cotton counters by arguing that the limitations question can be decided as a matter of law. A prerequisite to the application of the Oklahoma revival statute is that the "case [be] founded on contract." Cotton contends that Ashland's claim is based on the statutory liability imposed by ESA section 210 and is not founded on contract. Moreover, Cotton contends that there was no contract between the parties for an action to be founded upon.

Although this court is competent to decide questions of law not decided by the district court, such as the applicability of a statute to a particular fact situation, we remand this question for decision by the district court. Ashland argues that the Oklahoma revival statute applies to a statutory liability that is grounded on a contract between the parties. While we make no suggestion as to the validity of Ashland's position, we note that we have been unable to find any Oklahoma case law interpreting the relevant language in the revival statute. We also note that there is a disputed issue of fact regarding whether there was indeed a contract between the parties. In dismissing the action, the district court recognized that it would, in all likelihood, be required to address the limitations question in the future. Because this issue presents an unresolved question of Oklahoma law, we are reluctant to decide it when the district court sitting in Oklahoma has not had the opportunity to do so. We therefore remand Count I to the district court for a determination of whether Ashland's section 210 action for single damages is barred by limitations.

Count II

In Count II Ashland seeks treble damages under ESA section 210(b), alleging that Cotton's overcharges were intentional. *See* note 4, *supra*. Cotton argues that this action is barred by the Oklahoma one-year statute of limitations applicable to actions "upon a statute for penalty or forfeiture." 12 Okl.St.Ann. § 95, para. "Fourth." Ashland does not respond to this argument other than to say that it is a question for the district court to decide. Since we are remanding Count I for application of Oklahoma limitations law, we also remand Count II.

Count III

In Count III, Ashland attempts to obtain judicial enforcement of the original remedial order issued against Cotton by the DOE. Cotton argues that this count was properly dismissed because it fails to state a claim for which relief may be granted. We agree.

Ashland argues that its action to enforce the remedial order is authorized by ESA section 210(a). Ashland contends that enforcement of the remedial order is "appropriate relief" to redress the "legal wrong" done to it by Cotton. *See,* note 4, *supra.*

The purpose of remedial orders is to enforce public rights. Section 209 ESA vests authority in the Attorney General to seek enforcement of remedial orders. We believe that such enforcement is the exclusive right of the government. The ESA does not provide a private right of action to enforce an administrative remedial order. *See, Cities Service Co. v. DOE,* 715 F.2d 572 (TECA 1983). We hold that the phrase "appropriate relief" in section 210(a) does not encompass a private right of action to enforce a remedial order and that in seeking damages for overcharges, Ashland's sole statutory remedy is that provided in ESA section 210(b). We therefore affirm the dismissal of Count III.

Count IV

In Count IV Ashland asserts a state common law action for debt. The claimed debt

arises from Cotton's alleged written acknowledgment that it owed Ashland a sum certain as a result of unlawfully overcharging Ashland for crude oil. Since there are unresolved fact questions regarding the existence and sufficiency of the alleged acknowledgment of liability,[5] we remand Count IV for resolution by the district court.

## CONCLUSION

We affirm the dismissal of *Ashland v. DOE & Cotton* because Ashland has not exhausted its administrative remedies. We affirm the dismissal of Count III in *Ashland v. Cotton* because it fails to state a claim for which relief can be granted. We reverse the dismissal of Counts I, II, and IV in *Ashland v. Cotton* and remand to the district court for further proceedings consistent with this opinion.

---

5. We note also that Cotton argues that the writings allegedly constituting the acknowledgment were made during settlement negotiations and are inadmissible as evidence. The district court is the proper forum for initial resolution of this evidentiary issue.