**ASHLAND OIL, INC.,**
**Plaintiff-Appellant,**

v.

**COTTON PETROLEUM CORPORA-**
**TION, Defendant-Appellee.**

No. 10–66.

Temporary Emergency Court of Appeals.

Argued Oct. 1, 1986.

Decided Dec. 9, 1986.

Patricia N. Blair, Fred W. Drogula, and Beth A. Rosenbloom, Ginsburg, Feldman and Brees, Chartered, Washington, D.C., on the brief, for plaintiff-appellant.

Thomas P. Humphrey, Jeffrey H. Howard, and Joseph H. Bornong, Davis, Graham & Stubbs, Washington, D.C., on the brief, for defendant-appellee.

Before PECK, DAUGHERTY, and THORNBERRY, Judges.

THORNBERRY, Judge:

This is an appeal by appellant Ashland Oil, Inc. ("Ashland") from the district court's dismissal of appellant's claims against appellee Cotton Petroleum Corp. ("Cotton"). Ashland sought to recover damages from Cotton resulting from alleged overcharges in the price of crude oil under Sections 210(a) and (b) of the Economic Stabilization Act of 1970 ("ESA"), 12 U.S.C. § 1904 (note). The district court dismissed Ashland's claim for damages on the ground that such claims were time barred. The court also dismissed Ashland's common law debt claim on the ground that it was preempted by federal law. Because we believe that the district court's order properly disposed of the issues in this case, we affirm.

In the interests of brevity, we will not detail the rather lengthy background of the dispute between these parties. The parties were before this court in *Ashland Oil, Inc. v. Cotton Petroleum Corp.*, 760 F.2d 298 (Temp.Emer.Ct.App.1985). In that case, we reversed the district court's dismissal of the claims now asserted by Ashland and remanded the case for further proceedings and factual development.[1]

 In dismissing Ashland's Section 210 overcharge claim, we believe the district court was correct in being persuaded by this court's holding in *Johnson v. Depart-*

---

1. Ashland makes much in its brief of a perceived disregard by the district court of our instructions on remand. We note in passing that the district court's disposition was not inconsistent with our instructions.

*ment of Energy,* 690 F.2d 191 (Temp.Emer. Ct.App.1982). In that case, we characterized an overcharge claim as statutory in nature rather than contractual for purposes of choosing the appropriate statute of limitations. *Id.* at 196. In the present case, the district court thus properly applied the Oklahoma statute of limitations for statutory based claims. Okla.Stat.Ann. tit. 12, § 95.

Ashland does not dispute the applicability of the three year limitations period. Nor can it dispute that its claim was not timely filed within the limitations period. However, Ashland argues that Oklahoma's revival statute breathed new life into its claim. Okla.Stat.Ann.tit. 12, § 101. Unfortunately for Ashland, Oklahoma's revival statute, by its very terms, applies only to actions "founded on contract." *Id.* The district court properly characterized the § 210 claim as statutory. Thus, the revival statute cannot apply.

As for the alleged common law debt action, we agree with the district court that the Economic Stabilization Act preempts such a claim. We noted in *Citronelle-Mobile Gathering, Inc. v. Edwards,* 669 F.2d 717, 721 (Temp.Emer.Ct.App.1982), *cert. denied,* 459 U.S. 877, 103 S.Ct. 172, 74 L.Ed.2d 141 (1982), "[t]he primary purpose of the ESA is to insure effective enforcement of the pricing regulations, on a national scale." We agree with the district court that the elaborate pricing scheme established by Congress in the ESA implicitly preempts any state remedies that might interfere with the scheme.

For the reasons set forth above, the order of the district court is

*Affirmed.*